IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Christopher David Bailey<br>    Debtor, | BANKRUPTCY CASE NUMBER<br>1:24-bk-01674-HWV |
| Carrington Mortgage Services, LLC as servicer for J.P. Morgan Mortgage Acquisition Corp.<br>    Movant. | CHAPTER 13 |
| v. | 11 U.S.C. § 362 |
| Christopher David Bailey<br>    Debtor/Respondent, | |
| Jack N Zaharopoulos, Trustee<br>    Additional Respondent. | |

## MOTION OF CARRINGTON MORTGAGE SERVICES, LLC AS SERVICER FOR J.P. MORGAN MORTGAGE ACQUISITION CORP. FOR RELIEF FROM THE AUTOMATIC STAY UNDER SECTION §362 (d)

    Secured Creditor, Carrington Mortgage Services, LLC as servicer for J.P. Morgan Mortgage Acquisition Corp. ("Movant"), by and through its undersigned counsel, pursuant to 11 U.S.C. §362, hereby seeks relief from the automatic stay to exercise and enforce its rights, without limitation, with respect to certain real property. In support of this motion, Movant avers as follows:

    1.    Debtor named above filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code in the Middle District of Pennsylvania under the above case number.

    2.    Movant is the holder of a secured claim against Debtor, secured only by a first mortgage lien on real estate which is the principal residence of Debtor located at 18 North Franklin Street, Waynesboro, PA 17268 (the "Mortgaged Premises").

    3.    Carrington Mortgage Services, LLC services the loan on the Mortgaged Premises referenced in this motion. In the event the automatic stay in this case is modified, this case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of J.P. Morgan Mortgage Acquisition Corp.

    4.    Movant, directly or through an agent, has possession of the promissory note. Movant will enforce the promissory note as transferee in possession. Movant is the original mortgagee or beneficiary or the assignee of the Mortgage.

5. The filing of the aforesaid Petition operated as an automatic stay under Section 362(a) of the Bankruptcy Code of proceedings by Movant to foreclose on the Mortgaged Premises. Movant requests relief from the automatic stay to continue with the filed mortgage foreclosure action, if any, and to take the necessary action to obtain the Mortgaged Premises.

6. Additional Respondent is the Standing Trustee appointed in this Chapter 13 proceeding.

7. Debtor has claimed an exemption in the amount of $26,113.00 in the subject property.

8. Debtor has failed to make all post-petition monthly mortgage payments.

9. As Local Rule 4001-1 Form (attached) evidences, the defaults include the failure to make the following monthly payments:

| | |
|---|---:|
| Payments of $710.02 from August 1, 2024 through November 1, 2024 | $2,840.08 |
| The total amount due | $2,840.08 |

10. The Fair Market Value of the Mortgaged Premises is $152,100.00, as per Debtor Schedules. Movant reserves the right to secure an independent appraisal of the property. The approximate amount necessary to payoff the loan is $131,349.96 good through November 4, 2024. The breakdown of the payoff is as follows:

| | |
|---|---:|
| Principal Balance | $81,897.46 |
| Accrued Interest | $20,131.13 |
| Escrow Balance | $12,807.72 |
| Fees Currently Assessed | $16,585.85 |
| Accrued Late Charges | $61.53 |
| Less Suspense | (133.73) |

11. Movant's interests are being immediately and irreparably harmed. Movant is entitled to relief, from the automatic stay, pursuant to either 11 U.S.C. § 362 (d)(1) or (d)(2), because of the foregoing default and because:

    a) Movant lacks adequate protection for its interests in the Mortgaged Premises by the tender of monthly payments, including amounts for escrow (taxes and insurance);

    b) Debtor is decreasing the equity in the Mortgaged Premises by failing to tender of monthly payments, including amounts for escrow (taxes and insurance); and

c) The Mortgaged Premises are not necessary to an effective reorganization or plan.

12. Movant requests that the Court waive Rule 4001(a)(3), permitting Movant to immediately implement and enforce the Court's order.

13. Should relief be granted, all communications sent by Secured Creditor in connection with proceeding against the property including, but not limited to, notices required by state law and communications to offer and provide information with regard to a potential Forbearance Agreement, Loan Modification, Refinance Agreement, Loss Mitigation Agreement, or other Loan Workout, may be sent directly to Debtors.

14. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek a lift of the automatic stay and foreclose if necessary.

WHEREFORE, Movant respectfully moves this Court for an Order (i) granting Movant relief from the automatic stay to foreclose upon and to otherwise exercise and enforce its rights with respect to the Mortgaged Premises, (ii) awarding reasonable attorneys' fees incurred in the preparation and presentation of this motion, and (iii) granting all such other and further relief as the Court deems appropriate and necessary.

Respectfully submitted,

Dated: 11/22/2024

BY: /s/ Christopher A. DeNardo
Christopher A. DeNardo, 78447
Heather Riloff, 309906
Leslie J. Rase, 58365
LOGS Legal Group LLP
985 Old Eagle School Road, Suite 514
Wayne, PA 19087
(610) 278-6800
logsecf@logs.com